Leibensperger, Edward P., J.
Alnylam moves pursuant to Mass.R.Civ.P. 26 and the Protective Order agreed to by the parties and entered by the court, to preclude disclosure to Dicerna’s expert, Dr. Ian Mac-Lachlan, of information designated by Alnylam as HIGHLY CONFIDENTIAL. Two grounds for the motion are asserted. First, it is asserted that Dr. MacLachlan, in the context of being previously employed by Tekmira Pharmaceuticals Corporation, received Alnylam confidential information while Tekmira engaged in a collaboration with Alnylam on a particular product or development. Dr. MacLachlan is bound by agreements reached in connection with the collaboration not to disclose Alnylam’s confidential information. Second, Dr. MacLachlan is presently serving as a consultant to Tekmira. Tekmira, which in 2015, changed its name to Arbutus Biopharma Corporation, is a major competitor of Alnylam. Alnylam is concerned that notwithstanding Dr. MacLachlan’s written promise, pursuant to the Protective Order, not to disclose or use any HIGHLY CONFIDENTIAL information “for any purpose whatsoever, including business, competitive, or commercial purposes, other than the prosecution or defense of this litigation” he will, inadvertently or otherwise, disclose Alnylam’s information to Tekmira/Arbutus. In its Reply Brief, Alnylam acknowledges that its “core concern” is this second ground for objection to Dr. MacLachlan.
While Alnylam’s motion seeks only to preclude the disclosure of HIGHLY CONFIDENTIAL information to Dr. MacLachlan, the effect of allowing the motion would be to disqualify Dr. MacLachlan from being engaged as an expert by Dicerna. This appears to be acknowledged in Alnylam’s memorandum, and is affirmatively stated by Dicerna. Alnylam bears the burden of showing “good cause” to issue a protective order. Mass.RCiv.P. 26(c).
With respect to Alnylam’s first objection, Dr. MacL-achlan states in an affidavit that he has had no involvement with any collaborative effort between Tekmira and Alnylam since 2009. He does not believe that his work for Tekmira on completed projects before that date presents a conflict of interest or any risk to Alnylam. He understands that his role as an expert is to advise Dicerna regarding Alnylam’s claim that Dicerna came into possession of trade secrets held by Merck and transferred to Alnylam in 2014. Dr. MacL-achlan avers that he has no information regarding the Merck scientific information. Thus, whatever Alnylam might possibly have shared with Tekmira during the earlier collaboration would not be the subject of his work as an expert in this case. Nevertheless, Dr. MacLachlan re-affirms his “nondisclosure obligations arising out of my employment by Tekmira and my participation in its collaboration with Alnylam.” Affidavit of Ian MacLachlan, ¶17.
With respect to Alnylam’s “core” objection concerning Dr. MacLachlan’s ongoing role as a consultant to Tekmira/Arbutus, the risk to Alnylam must be judged by the scope of Dr. MacLachlan’s engagement. Dr. MacLachlan describes his engagement as “limited to review of manuscripts and assignment of patents.” Affidavit of Ian MacLachlan, ¶13. Further, in an email from Dr. MacLachlan handed up by Counsel for Dicerna at oral argument, he describes his interaction with Tekmira/Arbutus over the last 12 months to be “limited to clerical work assisting with the maintenance of the patent portfolio and manuscript publication.” He has received no compensation as a consultant in 2016, indicating the low level of activity. His consulting agreement with Tekmira/Arbutus terminates at the end of 2016, and he is willing not to renew the consultancy if engaged as an expert in this case. Again, Dr. MacLachlan understands the obligation not to disclose Alnylam’s confidential information to Tekmira/Arbutus or to anyone else.
I find that Alnylam fails to carry its burden of showing unfair or undue risk to it by disclosure of its confidential scientific information to Dr. MacLachlan. Dr. MacLachlan’s limited consultancy arrangement with Tekmira/Arbutus, because of its narrow scope, does not provide the opportunity so as to create a risk of inadvertent disclosure of Alnylam’s information to Tekmira/Arbutus. As to purposeful disclosure, there is no basis to assume bad faith with respect to Dr. MacLachlan or any other scientific expert in the field who consults with competitors of Alnylam. Thus, Alnylam’s motion for protective order is DENIED, on the following conditions. First, Dr. MacLachlan must represent in writing to Alnylam that the scope of his consulting arrangement with Tekmira/Arbutus is as stated in his email, and that the scope will be no greater throughout the time he is a consultant with Tekmira/Arbutus. Second, as discussed at the hearing, there is no reason for Dr. MacLachlan to see business strategy information included, in Alnylam’s HIGHLY CONFIDENTIAL documents. Dicerna shall inform Alnylam by reference to Bates-numbered pages the documents it intends to disclose to its expert. Within ten (10) days of receiving such notice, Alnylam may serve an objection to disclosure of specifically identified documents. The parties shall then confer to attempt to resolve any dispute. Absent resolution, Alnylam may serve a motion for a protective order within ten (10) days after the date of its initial service of an objection. Dicerna shall not disclose the specific documents contested by Alnylam to Dr. MacLachlan until after resolution by agreement or order of the court.